# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DEMETRIUS JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No. 2:10-cv-206-WTL-WGH |
| | ) |
| MARBERRY, | ) |
| | ) |
| Respondent. | ) |

## Entry Discussing Petition for Writ of Habeas Corpus

Demetrius Jackson is confined by the Federal Bureau of Prisons following his 1998 conviction for possession with intent to deliver crack cocaine and possession of crack cocaine. He has filed the present petition for a writ of habeas corpus.

## Background

In 1998, Jackson was convicted of possession with intent to deliver crack cocaine and possession of crack cocaine. *See United States v. Jackson*, 177 F.3d 628 (7th Cir. 1999). On direct appeal, Jackson's convictions were affirmed but his sentence of ninety-seven months imprisonment, which the government challenged on direct appeal as too lenient, was vacated and the case was remanded to the district court for re-sentencing. The Seventh Circuit concluded that "[s]ince Jackson had two prior felony convictions for crimes of violence, he should have received a career offender enhancement pursuant to U.S.S.G. § 4B1.1."

On July 30, 1999, Jackson was re-sentenced as a career offender to 262 months imprisonment pursuant to USSG § 4B1.1. *See Jackson v. United States*, 463 F.3d 635 (7th Cir. 2006). Jackson's predicate felony crimes of violence were Indiana convictions for burglary (Ind. Code 35-43-2-1) and criminal recklessness (Ind. Code 35-42-2-2). *Jackson*, 177 F.3d at 632-33. Jackson did not appeal the sentence imposed pursuant to the remand. In March of 2000, he filed a petition pursuant to 28 U.S.C. § 2255. That petition was denied and Jackson did not appeal.

Five years after his 1998 federal controlled substance convictions were entered, Jackson succeeded in having his Indiana criminal recklessness conviction reduced to a misdemeanor. *Jackson v. United States*, 463 F.3d 635, 636 (7th Cir. 2006). However, because Jackson had expended, in the year 2000, his initial 28 U.S.C. § 2255 motion, he could not raise this change in circumstances by way of a §

2255 motion. *Jackson*, 463 F.3d at 636. Jackson sought relief pursuant to 18 U.S.C. § 3742, but the Seventh Circuit rejected his motion for relief by finding that the district court had correctly construed Jackson's so-called § 3742 action as a 28 U.S.C. § 2255 motion and affirmed the dismissal of Jackson's challenge as a unauthorized successive 28 U.S.C. § 2255 motion. *See Jackson*, 463 F.3d at 638-40. Jackson next sought relief from his sentence by way of an 18 U.S.C. § 3582 (c)(2) motion for a reduction of sentence. *See United States v. Jackson*, 573 F.3d 398 (7th Cir. 2009). Section 3582 allows a district court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *United States v. Jackson*, 573 F.3d at 399. That authority, however, may only be exercised when "[f]irst, an amendment to the Sentencing Guidelines must specifically be listed as having retroactive effect; and second, the amendment must lower the defendant's guidelines range." *Id.*, 573 F.3d at 399. The Seventh Circuit determined that the district court correctly concluded that it lacked jurisdiction to reduce Jackson's sentence. *Id.* That conclusion was reached because "Jackson was sentenced as a career offender and not under the amended Guidelines." *Id.* Jackson now files this petition for relief pursuant to 28 U.S.C. § 2241.

**Discussion**

Jackson was convicted of drug offenses and was sentenced as a career offender. He now contends that the enhanced sentence is unlawful because his conviction for criminal recklessness was reduced to a misdemeanor and he therefore is actually innocent of being a career offender.

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States,* 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). A 28 U.S.C. § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 only if § 2255 "would not . . . be[ ] adequate to test the legality of the conviction and sentence." *Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004); 28 U.S.C. § 2255(e).

A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). "A procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611. It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). "The

essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

Controlling and persuasive authority dictates that the savings clause embodied in § 2255(e) requires a claim of actual innocence directed to the underlying conviction, not merely the sentence. *See, e.g., Unthank v. Jett,* 549 F.3d 534, 536 (7th Cir. 2008) ("[The petitioner] does [not] claim to be innocent of the current crime. He says only that his sentence is too high, and as we [previously] explained[,] . . . this differs from a claim that he is innocent of the crime of which he was convicted."); *Stephens v. Herrera,* 464 F.3d 895, 898–99 (9th Cir. 2006) (holding that the petitioner did not qualify for the savings clause because he did not claim to be actually innocent, even though he satisfied the second § 2255(e) requirement because his claim was based on an intervening change in law that did not become available until twelve years after his conviction); *Padilla v. United States,* 416 F.3d 424, 427 (5th Cir. 2005)("[B]ecause [the petitioner] does not attack his conviction and his claim challenges only the validity of his sentence, [the petitioner's] § 2241 petition does not fall within the savings clause of § 2255 . . . ."); *Poindexter v. Nash,* 333 F.3d 372, 382 (2nd Cir. 2003)("[W]hatever the merit of the contention that the Guidelines were misapplied in the treatment of [the petitioner's] three undisputed prior convictions, his claim that the three crimes should have been treated as one crime is not cognizable as a claim of actual innocence."); *Okereke v. United States,* 307 F.3d 117, 120–21 (3rd Cir. 2002) (the petitioner did not qualify for the savings clause because his claim related only to his sentence and not his underlying conviction); *United States v. Peterman,* 249 F.3d 458, 462 (6th Cir. 2001) ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because . . . [they] do not argue innocence but instead challenge their sentences.").

Jackson has not been convicted of any non-existent offenses nor is he factually innocent of his convictions for which he is now serving a sentence nor the prior convictions relied upon to enhance his guidelines range. Because Jackson has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for writ of habeas corpus is **denied**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/07/2012

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana